**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DARRYL SOCHA,

        Plaintiff,

v.                                      Case No. 3:17-cv-357-J-34PDB

HEARTLAND EXPRESS, INC. of IOWA,

        Defendant.
_____/

# O R D E R

    **THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 30, 2017, Defendant Heartland Express, Inc. of Iowa (Heartland) filed Heartland Express' Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1. In the Notice, Heartland asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). See Notice ¶ 7. Heartland alleges that Plaintiff is a citizen of Georgia, and Heartland is "an Iowa corporation with its principal place of business in North Liberty, IA." Id. ¶¶ 4-5. In addition, Heartland asserts that the amount in controversy requirement for diversity jurisdiction is satisfied. Id. ¶ 6. However, upon review of the Notice and Complaint (Doc. 2), the Court finds that Heartland fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1] See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

In the Complaint, Plaintiff alleges that Heartland discriminated against him on the basis of disability in violation of the Florida Civil Rights Act, sections 760.01-760.10 of the Florida Statutes. See generally Complaint. Plaintiff asserts that his damages exceed $15,000.00, exclusive of attorney's fees, interest and costs. See Complaint ¶ 1. He maintains that as a result of Heartland's "wrongful and intentional termination, Plaintiff has been damaged financially and has sustained damages that include loss of past and future wages, the loss of health insurance benefits, and other compensation benefits he was receiving prior to his termination." Id. ¶ 15. In support of removal, counsel for Heartland summarily asserts, without any factual support, that "[t]he amount in controversy in this

---

[1] The Court is satisfied that Heartland has sufficiently alleged diversity of citizenship.

matter exceeds the $75,000.00 jurisdictional minimum under 28 U.S.C. § 1332(a)." <u>See</u> Notice ¶ 6.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." <u>See</u> <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). In <u>Dart Cherokee Basin Operating Co.</u>, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>See</u> <u>Dart Cherokee Basin Operating Co.</u>, 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. <u>Id.</u> (citing 28 U.S.C. § 1446(c)(2)(B)); <u>see</u> <u>also</u> <u>Dudley v. Eli Lilly & Co.</u>, 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>See</u> <u>Williams</u>, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. <u>See</u> <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "<u>specific factual allegations</u> establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." <u>Id.</u> at 754 (emphasis added). In those circumstances, a court is able to

determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[2]

Here, Heartland fails to present a "plausible allegation" of the amount in controversy. Indeed, the Notice is devoid of any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. Upon review of the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the extent of Plaintiff's damages. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiff's vague allegations of damages, and in the absence of any information in the Notice by which to estimate those damages, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Heartland has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action. In light of the foregoing, it is

     **ORDERED**:

---

[2] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

Defendant Heartland Express, Inc. of Iowa shall have up to and including **April 14, 2017**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 31st day of March, 2017.

**MARCIA MORALES HOWARD**
United States District Judge

lc11

Copies:
Counsel of Record